# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO.:

JACOB BYFIELD,

    Plaintiff,

vs.

TESCO EQUIPMENT, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JACOB BYFIELD ("Mr. Byfield" or "Plaintiff"), by and through his undersigned counsel, files this Amended Complaint against Defendant, TESCO EQUIPMENT, LLC ("Defendant" or "TE"), a Florida profit corporation, and states as follows:

1. Plaintiff brings this action for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA") and for disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, declaratory relief, and his attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who performed services for Defendant's company in Broward County, Florida.

4. Defendant is a foreign limited liability company that operates and conducts business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff, a disabled male, is protected by the ADA and the FCRA because:

    a. He suffered discrimination on the basis of his disability/handicap, and/or perceived disability/handicap by Defendant; and

    b. He was retaliated against and suffered an adverse employment action based on his disability/handicap, or Defendant's perception that he was disabled/handicapped, and his objections to the discrimination he was forced to endure based on his disability.

6. Defendant was at all material times an "employer" as defined by the ADA and the FCRA as it employed in excess of fifteen (15) employees.

7. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by FWA.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq*.

9. This Court has supplemental jurisdiction over Plaintiff's FWA and FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

10. The illegal conduct complained of and the resultant injury occurred within Broward County Florida, and the proper venue for this case is therefore the Fort Lauderdale Division of the Southern District of Florida.

## CONDITIONS PRECEDENT

11. On or about May 22, 2019, Plaintiff timely dual-filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

12. On January 10, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claims within ninety (90) days of his receipt of the same.

13. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

15. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

16. Mr. Byfield worked for TE as a Welder from 1987 until his unlawful termination on August 1, 2018.

17. During his very lengthy tenure, Plaintiff was an excellent employee, with no significant history of non-ADA/FCRA related attendance, performance, or disciplinary issues.

18. Unfortunately, during his tenure, TE never provided Mr. Byfield with appropriate respiratory equipment or other personal protective equipment ("PPE") to prevent smoke and paint fumes from damaging his respiratory system.

19. When Mr. Byfield performed his welding duties, he regularly inhaled noxious smoke, which made it difficult for him to breathe normally.

20. The Occupational Safety and Health Administration ("OSHA") regulations require that all employers must provide respirators and other appropriate PPE to employees when it is

necessary to protect their health against contaminated air (including, for example, heavy dust, fumes, gases, and mist) in the workplace. *See* 29 C.F.R. § 1910.134, *et seq*.

21. Due to the heavy amount of gases, dusts, fog, fumes, mists, smokes, sprays, and vapors, etc., generated regularly on Defendant's premises, Mr. Byfield and his co-workers at all times relevant required said PPE and respirators.

22. Compounding these problems, TE regularly required painters to work simultaneously and in close proximity to welders such as Mr. Byfield, forcing Mr. Byfield and other welders to inhale paint fumes too.

23. In late May of 2018, Mr. Byfield objected to his supervisors at TE that TE's actions violated, *inter alia*, 29 C.F.R. § 1910.134, *et seq*.

24. The foregoing objections constituted protected activity under Section 448.102(3), Florida Statutes.

25. On June 6, 2018, Mr. Byfield experienced extreme shortness of breath and had to leave work to visit his physician.

26. Mr. Byfield's physician performed an EKG upon Mr. Byfield, and inspected his lungs. Shocked by his depleted oxygen levels, the physician sent Mr. Byfield to the emergency room at a nearby hospital because she feared that Mr. Byfield had a serious and possibly life-threatening condition.

27. At the hospital, Mr. Byfield was found to have a large amount of fluid inside his lungs.

28. Treating physicians at the hospital emergency room even commented that Mr. Byfield was "drowning in fluids" linked to his working conditions at TE.

29. Mr. Byfield was then referred to a cardiologist and scheduled for an appointment in mid-June of 2018.

30. Mr. Byfield, in the mean time, disclosed his disability to TE, and attempted to engage TE in a conversation about reasonable accommodation for his disability, but TE refused to participate in the conversation or offer any accommodation for same.

31. Mr. Byfield's cardiologist rushed Mr. Byfield into an emergency room in order to have an emergency surgery to have fluid drained from his lungs and from around his heart.

32. After this procedure, Mr. Byfield was diagnosed with a large pericardial effusion with increasing shortness of breath and bilateral infiltrates.

33. Mr. Byfield promptly informed TE of his diagnosis, and again objected to TE that its actions violated, *inter alia*, 29 C.F.R. § 1910.134, *et seq.*, and further objected to Defendant's unlawful refusal to accommodate his disability, and/or its discrimination against him based on his disability.

34. The foregoing objections constituted protected activity under Section 448.102(3), Florida Statutes.

35. Unfortunately, on June 18, 2018, Mr. Byfield had to undergo another surgery because he was hemorrhaging internally.

36. Mr. Byfield informed TE of these new complications of his disability.

37. Mr. Byfield was discharged from the hospital on June 29, 2018.

38. Mr. Byfield reached out to TE to plan his eventual return to work.

39. On June 27, 2018, TE secretary, Joan, called Mr. Byfield's wife and informed her that TE was going to terminate Mr. Byfield's employment, effective August 1, 2018.

40. Joan told Mr. Byfield's wife that the reason for TE's termination of Mr. Byfield's employment was his temporary inability to work while recovering from his procedures and treatment.

41. Plaintiff was fired in short temporal proximity to his objections.

42. Under Florida law, terminating an employee for objecting to a violation of law, rule, or Regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. *See Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal). All of the above elements are met here.

43. The timing of Plaintiff's objections and his resulting termination creates a close temporal proximity between the two events.

44. Given the timing of Defendant's adverse employment action, along with the surrounding circumstances, Defendant terminated Plaintiff's employment without good cause and because Plaintiff reported/objected to Defendant's violations of the law, or what he reasonably believed to be a violation of law. *See* Florida Statute, Section 448.102(3).

45. Shortly before Mr. Byfield's termination, he disclosed his disability to TE management.

46. Mr. Byfields' health condition certainly is considered a protected disability under the ADA and the FCRA.

47. Plaintiff was qualified to perform the essential functions of his position, but TE

believed that due to his disability, Plaintiff could not continue his employment with Defendant.

48. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *See Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

49. Defendant failed to accommodate, let alone offer to accommodate, Plaintiff's disability and related symptoms.

50. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA wer intended to prevent.

51. Defendant did not have a good faith basis for its actions.

52. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

53. TE was aware of Mr. Byfield's ADA- and FCRA-protected medical condition and his need for accommodation.

54. Defendant, however, being well aware of Plaintiff's disability, surgeries, and treatment, discriminated and retaliated against Plaintiff for requesting reasonable accommodation for same.

55. In short, despite the availability of reasonable accommodation under the ADA and the FCRA, and despite the fact that Mr. Byfield would not be prevented by his disability to any appreciable degree in performing the duties of a Welder, TE discriminated and retaliated against Mr. Byfield based solely upon his disability.

56. Mr. Byfield is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Welder, and

had indeed done so for decades.

57. The reasonable accommodation of some unpaid leave to recover from his procedures and the provision of PPE already mandated by OSHA would have permitted Mr. Byfield to perform his job duties and would have imposed no undue hardship on Defendant.

58. By reason of the foregoing, Defendant's actions, and inactions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

59. "Reasonable accommodation" under the ADA and the FCRA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

60. At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties and otherwise qualified for his position, with reasonable accommodation.

61. Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential positions of his position, despite the fact that Plaintiff had performed them for decades, and could perform same with reasonable accommodation.

62. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

63. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

64. Defendant has no non-discriminatory, non-retaliatory rationale for terminating Plaintiff's employment.

65. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a member of protected classes as envisioned by the ADA

and the FCRA.

66. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

67. Plaintiff's termination constitutes an adverse action as defined by the ADA and the FCRA.

68. As a result of this conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

69. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties with, or without reasonable accommodation.

70. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

71. Any reason provided by Defendant for Plaintiff's termination is a pretext and cover-up for illegal retaliation.

72. Plaintiff has suffered damages as a result of Defendant's conduct.

73. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I - FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

74. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 4, 7 through 10, 14 through 24, 33, 38 through 44, 51, 68, and 71 through 73 of the Complaint as if fully set forth herein.

75. On August 1, 2018, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102 (3), Florida Statutes.

76. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what he reasonably believed to be illegal activity in violation of Section 448.102(3), Florida Statutes.

77. Plaintiff objected to a violation of a law, or what he reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

78. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

79. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 6, 8 through 22, 25 through 33, 35 through 41, 43, and 45 through 73 of the Complaint as if fully set forth in this Count.

80. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

81. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

82. Defendant unlawfully terminated Plaintiff based on his medical condition and

disability, and/or perceived disability.

83. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III – DISABILITY RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

86. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8 through 22, 25 through 33, 35 through 41, 43, and 45 through 73 of the Complaint as if fully set forth in this Count.

87. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

88. Plaintiff's objections constituted protected activity under the FCRA.

89. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

90. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

91. Defendant's stated reasons for Plaintiff's termination are a pretext.

92. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

94. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

95. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

96. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8 through 22, 25 through 33, 35 through 41, 43, and 45 through 73 of the Complaint as if fully set forth in this Count.

97. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

98. The discrimination to which Plaintiff was subjected was based on his disability and/or perceived disability.

99. Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability.

100. Plaintiff has suffered damages as a result of Defendant's unlawful conduct towards him.

101. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V – DISABILITY RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

102. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8 through 22, 25 through 33, 35 through 41, 43, and 45 through 73 of the Complaint as if fully set forth in this Count.

103. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

104. Plaintiff's objections constituted protected activity under the ADA.

105. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

106. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

107. Defendant's stated reasons for Plaintiff's termination are a pretext.

108. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

109. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

110. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 25th day of March, 2020.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103

Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*